IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

LISA MAGNAS,                                            *

      Plaintiff                                     *

                                **Case No.: 8:20-cv-2862-PWG**

v.                                                            *

DANIEL PERLMAN,                                        *

      Defendant                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

In this case, the Plaintiff, Lisa Magnas, has sued the estranged father of her three minor children, Daniel Perlman. Magnas lives in Maryland, Perlman in New Jersey. Compl. 1–2, ECF No. 6. Although Magnas' complaint recites that suit was brought "by and through undersigned counsel," *id.* at 1, both Magnas and Perlman are self-represented, as is all too apparent from their filings. Magnas failed to pay the filing fee or seek *in forma pauperis* status when she filed suit, but eventually did pay the filing fee on November 13, 2020. ECF No. 6-2.  A summons was issued, and Magnas initiated service of process on Perlman, who responded, ultimately by filing an answer. ECF Nos. 8, 13, 16, 17, 18, 20, & 21.

Magnas alleges that this Court has diversity jurisdiction to hear her claims. Compl. ¶¶ 18–19. Although she recites two counts, each count actually appears to assert two different causes of action (her pleadings are far from clear in this regard), for a total of four: Count 1: (a) "second degree assault" and (b) "domestic violence in presence of minor children," and Count 2: (a) "harassment" and (b) "interstate stalking." *Id.* at 4–19. As the complaint and other filings vividly demonstrate, Magnas and Perlman have been at war with each other for over a decade, and their filings radiate with their acrimony. The Court has had to issue numerous orders attempting to get

1

them to comply with the Rules of Civil Procedure and Court orders, with limited success. ECF Nos. 3, 10, 15, & 18. After a number of false starts, Perlman eventually filed an Answer, ECF No. 21, and stated his intention to file a motion to dismiss and a counterclaim. *Id.* at 1. His answer fails to comply with Fed. R. Civ. P. 8(b)(1) & (2), and is filled with as much vitriol as Magnas' filings. For the reasons stated below, Magnas has failed to establish that this court has subject matter jurisdiction to hear her claims because they all lack an arguable basis in either law or fact, rendering them frivolous. Furthermore, the disputes that Magnas and Perlman raise and the relief that they appear to request is tantamount to asking this court to interfere with the child custody and visitation case that is pending in the Circuit Court for Montgomery County (Family Department), Maryland, which raises the issue of whether this court is precluded from exercising jurisdiction (even if Magnas' claims were not frivolous) under the domestic relations exception to federal subject matter jurisdiction. Finally, even were I to find that I do have subject matter jurisdiction, the disputes that Magnas and Perlman wish to bring to this court seek to reopen issues already litigated in the Montgomery County case, or to litigate disputes which should be heard by the state family court, and the relief that they seek in this Court would likely interfere with the conduct of the pending family law proceeding in state court. This militates in favor of abstention from the exercise of jurisdiction. Therefore, I plan to dismiss her lawsuit. But before entering the order of dismissal, I will allow Magnas to respond to the deficiencies discussed in this memorandum opinion, provided that she does so not later than March 31, 2021. Further, because the paramount decision that must be made at this time is whether the suit may proceed at all, a determination about the propriety of any counterclaim that Perlman wants to file will be deferred until a final ruling on the dismissal of Magnas' claims.

As the Court previously has observed, from its inception, it has been far from clear whether this Court has subject matter jurisdiction to resolve the claims that have been filed. ECF No. 15 at 3. Having now had an opportunity to review both the complaint and answer, I have concluded that this Court lacks subject matter jurisdiction over Magnas' claims because they are frivolous, and therefore the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").[1] In reaching this decision, I am mindful that the filings of *pro se* litigants are reviewed under a less rigorous standard than those of represented litigants, as *Haines v. Kerner*, 404 U.S. 519, 520 (1972) requires me to construe *pro se* filings generously, but a *pro se* plaintiff must still demonstrate the existence of federal subject matter jurisdiction and set forth a plausible claim, *Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013) (*pro se* plaintiff must still meet plausibility standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Penland Fin. Servs., Inc. v. Select Fin. Servs., LLC*, No. 6:08-3864-HMH-WMC, 2008 WL 5279638, at *3 (D.S.C. Dec. 18, 2008) (dismissing *pro se* complaint for lack of subject matter jurisdiction); *Quinn v. Microsoft Corp.*, No. 7:05CV00767, 2006 WL 1288310, at *2 (W.D. Va. May 4, 2006) (same). And, as explained below, each of the claims that Magnas purports to assert are either time-barred on their face, or lack a basis in law or fact, making them frivolous, which requires their dismissal.

## A. *Sua Sponte* Dismissal of Frivolous *Pro Se* Claims

As mentioned, Magnas has filed her complaint *pro se*. While such self-represented filings are not unusual in federal court, cases in which both the plaintiff and the defendant are *pro se*, as

---

[1]     A court has inherent authority to dismiss a suit lacking a jurisdictional basis even where, as here, the plaintiff has paid the filing fee. *Smith v Kagan*, 616 F. App'x 90 (4th Cir. 2015); *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (Subject matter jurisdiction does not exist over obviously frivolous complaint, which is subject to dismissal); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

here, are far less frequent. Many *pro se* plaintiffs seek *in forma pauperis* status, others pay the full filing fee. As for the former, 28 U.S.C. § 1915(d) affords statutory authority to the trial court to *sua sponte* dismiss the complaint (prior to the issuance of a summons and without a pending motion to dismiss filed by the defendant) whenever "the action is frivolous or malicious." When the plaintiff has paid the filing fee, § 1915(d) is inapplicable, but it is well settled that the court nonetheless has the inherent authority to dismiss frivolous or malicious suits *sua sponte*. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015)[2] ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee. . . . Additionally, dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint.")  (citing *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("[28 U.S.C.] Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision.")); *Chong Su Yi v. Social Security Administration*, 554 F. App'x 247, 248 (4th Cir. 2014) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . . In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (internal citations omitted); and *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

   "[A] complaint, containing as it does, both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neizke v. Williams*, 409 U.S. 319, 325 (1989) (discussing in detail the overlap and differences between dismissing a complaint

---

[2]      Although unpublished Fourth Circuit opinions are not binding precedent, their analysis and the cases cited in them may be highly persuasive in informing a district court ruling.

under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and determining that a claim must be dismissed because it is frivolous, concluding "it is evident that the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard of [28 U.S.C. ] § 1915(d) were devised to serve distinctive goals and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter."). A claim is frivolous if it is

> based on an indisputably meritless legal theory, but also . . . [when its] factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios claims with which federal district judges are all too familiar.

*Neizke*, 490 U.S. at 327–28 (internal citations omitted). For the reasons that follow, I have determined that each of Magnas' four purported causes of action are frivolous because they lack an arguable basis in law or fact, and I therefore will dismiss them.

    1.   Count 1 ("second degree assault").

    The essence of Magnas' "second degree assault" claim is that "[o]n October 4, 2017, the defendant committed a violent assault against the plaintiff by attempting to run her over with a car." Compl. ¶¶ 22, 28.[3] Md. Cts. & Jud. Pro. § 5-105 succinctly states "[a]n action for *assault,* libel, or slander shall be filed within one year from the date it accrues." (emphasis added). A cause of action accrues when the plaintiff knows or reasonably should have known of the facts that constitute the cause of action. *Brooks v. TVOne, LLC*, No. GJH-19-2315, 2020 WL 3833126, at *5 (D. Md. July 7, 2020) (citation omitted). From her allegations in count 1, it is clear that Magnas' knew or reasonably should have known of the alleged assault on October 4, 2017, therefore it

---

[3]    The alleged assault occurred in Montgomery County, Maryland, Compl. ¶ 30. Therefore, I will apply Maryland substantive law to my analysis of her assault claim.

accrued on that date. Her suit was filed on November 12, 2020. Compl. 1. Therefore, it was filed years after the statute of limitations expired. This Court lacks subject matter jurisdiction over a time-barred claim.[4] *Welch v. United States Dep't of Veterans Aff.*, 7:19-cv-48, 2019 WL 8064792, at *4 (W.D. Va. Dec. 4, 2019) (dismissing time-barred claim for lack of subject matter jurisdiction). Therefore, Magnas' assault claim is frivolous because it has no arguable basis in law, and it must be dismissed, without prejudice.

   2.   Count 1 ("domestic violence in presence of minor children").

Magnas pleads that when Perlman allegedly assaulted her on October 4, 2017, he attempted to run her down in his car. She alleged that "[d]uring the commission of this assault against the plaintiff, defendant had the three minor children (approximately ages nine and ten) in the car and committed this act of domestic violence with the children." Compl. ¶ 36. Further, she pleads that the manner in which Perlman allegedly committed the assault "violates Federal Law against Interstate Domestic Violence, 18 U.S.C. Section 2261(a)(1)." *Id.* at ¶ 44. But 18 U.S.C. § 2261 is a criminal statute, and a person who is convicted of this offense is subject to criminal, not civil penalties. 18 U.S.C. § 2261(b). There is no authority in the statute that creates a civil cause of action allowing the victim of interstate domestic violence to enforce the statute with a civil suit. Therefore, Magnas' domestic violence claim is frivolous because it has no basis in law and seeks to enforce a legal interest that does not exist.  Consequently, it must be dismissed without prejudice

---

[4]      Ordinarily, statute of limitations is an affirmative defense that must be pleaded and proved by the defendant. However, when the facts supporting the existence of the affirmative defense are plain from the very allegations of the complaint itself, the court may rule on the defense based on the pleading. *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense"); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 352 (1990) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate.).

as well.[5] *Smith v. Shaw*, No. 5:09-01001, 2012 WL 1832340, at \*1 (D. Md. Apr. 25, 2012) ("It is well established . . . that 'a private citizen lacks a judicially cognizable interest in the prosecution . . . of another.'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and collecting cases)).

   3.  <u>Count 2 ("harassment").</u>

Magnas alleges in count two that Perlman initiated a family law case against her in the Circuit Court for Montgomery County, in which he sought to obtain legal custody of their children and visitation rights. Compl. ¶ 61. She further alleges that this state-court civil action was filed in bad faith, in an attempt to cause her economic damage. *Id.* at ¶ 64. I will construe this claim to be one for malicious use of process under Maryland law.

There are five elements to the civil tort of malicious use of process: (1) initiation of a prior civil proceeding by the defendant; (2) the proceeding was initiated without probable cause; (3) the prior civil proceeding was instituted by the defendant with malice; (4) the proceedings were terminated in favor of the plaintiff; and (5) damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action. *Havilah Real Prop. Servs., LLC v. Early*, 88 A.3d 875, 881 (Md. Ct. Spec. App. 2014) (citing *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952 (Md. 1997)). Magnas has failed to state a claim upon which relief may be granted for malicious use of process. First, she has failed to allege that the family law action Perlman initiated against her was terminated in her favor.[6] To the contrary, she acknowledges that, at least

---

[5]    Magnas' complaint pleads that the State of Maryland initiated criminal charges against Perlman for the alleged assault and for violating a protective order issued against him as a result of it, "but at trial, the State decided not to pursue them." Compl. ¶ 43, n. 3.

[6]    Magnas alleges that the family law action initiated by Perlman is "FL [Family Law] # 121283 Montgomery County Circuit." Compl. ¶ 64, n. 6. Pursuant to Fed. R. Evid. 201(b)(2), and

with respect to one of the purposes she attributes to Perlman for having filed the family law action—obtaining visitation rights—that he was *successful* in obtaining visitation rights. Compl. ¶ 70 ("Through the use of the court-system, [sic] the defendant has been granted visitation rights, which he fails to use."). And, as noted, the case has not been terminated.

More fundamentally, however, Magnas has failed to allege that she suffered the type of damages that are required to state a claim for malicious use of process: arrest, imprisonment, seizure of property or other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action. Complying with this element is especially important because civil actions for malicious prosecutions are disfavored causes of action.  As Judge Zarnoch of the Maryland Court of Special Appeals noted in *Havilah Real Property Services*:

> [a]ctions for the malicious prosecution of civil suits are not encouraged, because public policy requires that parties may freely enter the courts to seek redress and relief and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge. If this were not the case, a large proportion of unsuccessful civil actions would be followed by suits for malicious prosecution, and so there would be a piling of litigation on litigation without end.

88 A.2d at 885 (citing *Owens v. Graetzel*, 132 A. 265, 267 (Md. 1926); *State v. Rendelman*, 947 A.2d 546, 559 (Md. 2008) (sanctioning litigants is 'heavily disfavored because [it] discourage[s] the resort to courts"); *Supreme Lodge Am. Protective League of Balt. City v. Muverzagt*, 24 A. 323, 324 (Md. 1892) ("Litigation of this character should be discouraged rather than promoted."); *Clements v. Odorless Excavating Apparatus Co*., 10 A. 442, 443 (Md. 1887) (Malicious use of process suits are not "encouraged, because the law recognizes the right of everyone to sue for that

803(8)(a)(ii), I take judicial notice of the docket of the Montgomery County Circuit Court, which confirms that the case referenced by Magnas is *Perlman v. Magnas*, 121283FL, which still is an open case, and proceedings are scheduled for March, 2021. *See*: http://casesearch.courts.state.md.us/casesearch/ (entering Perlman's first and last name in the search field displays several cases, including 121283FL) (last visited March 9, 2021).

which he honestly believes to be his own, and the payment of costs incident to the failure to maintain the suit is ordinarily considered a sufficient penalty.")).    Therefore, Magnas' claim for malicious use of process is frivolous because it has no arguable basis in either law or fact.  It must be dismissed, without prejudice.

    4.   Count 2 ("interstate stalking").

Magnas' final claim is her most enigmatic. Although she uses the words "stalking" and "harassment" to characterize a litany of conduct by Perlman, the essence of her allegations is that the conduct constitutes harassment, causing her substantial emotional distress. Compl. ¶¶ 50, 56; *see generally* Compl. at 9–18. I will interpret this claim to be one for intentional infliction of emotional distress under Maryland law. To plead a claim for intentional infliction of emotional distress, the plaintiff must allege: (1) conduct that is intentional or reckless; (2) conduct that is extreme and outrageous; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe. *Lasater v. Guttmann*, 5 A.3d 79, 89 (Md. Ct. Spec. App. 2010). All elements of an intentional infliction of emotional distress claim "'must be satisfied completely before a cause of action will lie,' and responsibility for the initial determination of whether the elements have been satisfied belongs to the trial judge." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (citing *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1063 (Md. Ct. Spec. App. 1986)).

Like malicious prosecution claims, intentional infliction of emotional distress claims are disfavored, and are "rarely viable." *Takacs*, 473 F. Supp. 2d at 652 (D. Md. 2007) (citing *Robinson v. Cutchin*, 140 F. Supp. 2d 488, 494 (D. Md. 2001)).  Further, the test for sufficiently pleading them is "rigorous and difficult to satisfy." *Baker v. Kent Cty. Bd. Of Educ.*, Civ. No. RDB-07-824, 2007 WL 2694210 (D. Md. Sept. 10, 2007) (quoting *Ky. Fried Chicken Nat'l Mgmt. Co. v.*

*Weathersby*, 607 A.2d 8 (Md. 1992)); *Turner v. Adaltits U.S.A., Inc.*, Civ. No. AMD 04-1227, 2005 WL 3335425 (D. Md. Dec. 7, 2005) ("[t]he pleading and proof requirements of [an intentional infliction of emotional distress] . . . claim under Maryland law are stringent.").

To meet the extreme and outrageous element, the plaintiff must allege conduct that "go[es] beyond all possible bounds of decency and . . . be regarded as atrocious and utterly intolerable in a civilized community." *Kohler v. Shenasky*, 914 F. Supp. 1206, 1212 (D. Md. 1995). And, to meet the element of *severe* emotional distress, the law requires that the emotional distress rise to a level that so interferes with daily functioning that it exceeds what "a reasonable man could be expected to endure." *Takacs*, 473 F. Supp. 2d at 652 (quoting *Harris v. Jones*, 380 A.2d 611 (Md. 1977)). Thus, for example, in *Takacs*, the plaintiff alleged "debilitating conditions, including 'severe depression anxiety, sleeplessness, headaches and [being] sick to her stomach.'" But Judge Blake of this Court found that the Plaintiff had failed to plead a claim for intentional infliction of emotional distress because "[w]hile Ms. Takacs alleges debilitating conditions, including 'severe depression, anxiety, sleeplessness, headaches and [being] sick to her stomach," she does not allege that she has been unable to function on a daily basis, even if her function is presumably affected by her psychological and physical distress." *Id.* at 652.

While Magnas alleges a litany of misconduct by Perlman, when it is considered against the stringent pleading requirements of an intentional infliction of emotional distress claim, she has failed to plead that his conduct rose to the level of exceeding "all possible bounds of decency" or that they were so atrocious as to be "utterly intolerable in a civilized community." *Kohler*, 914 F. Supp. at 1212; *Ford v. Douglas*, 799 A.2d 448, 451–52 (Md. Ct. Spec. App. 2002). And, like Judge Blake, even if I were to assume that Perlman's alleged misconduct was extreme and outrageous, Magnas has failed as a matter of law to plead that her emotional distress rose to the required

10

severity level of being unable to function on a daily basis.  For example, she alleged that on the night of the alleged assault on her by Perlman, she walked 1.4 miles from her home to the location where Perlman was with their children (as required by her religious observances), Compl. ¶ 31, and, while she alleges that Perlman's harassing conduct has interfered with her ability to take certain professional work opportunities, she acknowledges that she has been able to obtain part-time and contract work, Compl. ¶¶ 4, 93. Therefore, her intentional infliction of emotional distress claim is frivolous because it has no arguable basis in law. *See Takacs*, 473 F. Supp. 2d at 652, n. 6. It must be dismissed without prejudice.

B. Domestic Relations Exception to Federal Jurisdiction and Abstention

While Magnas and Perlman couch their pleadings in the form of tort claims they wish to bring against each other, it is clear beyond any doubt that the backdrop for their longstanding disputes is the Circuit Court for Montgomery County (Family Department) custody and visitation case that Perlman filed in 2014, and which is still pending.[7] The docket for this case reflects more than 500 entries, and proceedings are scheduled for later this month.[8] Further, Magnas' complaint and Perlman's answer are replete with references to various orders issued by the Circuit Court, and a substantial portion of Magnas' suit is devoted to her complaints about positions advocated by Perlman in those proceedings. *See, e.g.*, Compl. ¶¶ 17, 43, 55, 61–65, 67–71, 79, 85–88, 96; Answer 2, 4–5.[9]

Moreover, both Magnas and Perlman seek orders from this court that would either enjoin Perlman from continuing his filings in the state court proceeding, Compl. ¶ 96 (asking that this court "[e]njoin . . . [Perlman] 'from further harassment of the plaintiff,'" based in large part on her

---

[7]    *See supra*, p. 7, n. 6.
[8]    http://casesearch.courts.state.md.us/casesearch/ (last visited March 9, 2021).
[9]    Perlman's answer does not contain separate numbered paragraphs.

perception that Perlman's filings in the state court family law matter have constituted harassment), or "reiterate the Montgomery County Circuit Courts [sic] order that enjoins the Plaintiff from disparaging the other party from this point forward so the Defendant can have a meaningful interference free relationship with his 3 young sons." Answer 5. In short, Magnas and Perlman seem intent on using this case to re-litigate issues already ruled on in the Montgomery County Circuit Court case, which is still pending and in which the court has continuing jurisdiction over the custody and visitation issues that have fueled their litigiousness. These filings present jurisdictional issues distinct from the preceding discussion of whether this court has subject matter jurisdiction of the specific claims that Magnas has brought.

In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the Supreme Court discussed the so-called "domestic relations exception" to federal subject matter jurisdiction. The Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber* [v. *Barber*, 62 U.S. 582 (1859)], divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are the federal courts, which lack the close association with the state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Id.* at 703–04 (internal citations omitted). Importantly, the Court made it clear that the domestic relations exception "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Id*. at 704.

The very essence of this case revolves around the many orders issued by the Montgomery County Circuit Court. Magnas references orders issued by the Court in her favor (Compl. ¶ 43 ("The State of Maryland issued a Protective Order in favor of the plaintiff and against the defendant based on this incident of domestic violence.")), as well as orders that she challenges (Compl. ¶¶ 69–70 ("Defendant regularly attempts to 'set-up' the plaintiff; to engineer the facts, and to make it appear that the plaintiff has failed to comply with Family Law orders—when in fact the defendant is using court orders for the purpose of harassment, not for obtaining and exercising lawful rights. Through the use of the court-system, the defendant has been granted visitation rights, which he fails to use.")). Perlman references (and has attached unauthenticated copies of) orders purportedly issued by the family law court in his favor. Answer 2 (referencing a July, 2017 custody modification and contempt hearing against Magnas), 4 (referencing contempt orders issued against Magnas), and 6 (referencing a series of rulings by several Montgomery County judges against Magnas, and asking this court to issue an order "reiterat[ing] the Montgomery County Circuit Court order that enjoins the Plaintiff from disparaging" him).

Against this backdrop, it is nearly impossible to discern how this Court could rule on either Magnas' claims or Perlman's counterclaims without relitigating issues already litigated in the Montgomery County Circuit Court, or interfering with that court's continuing authority to enforce, modify, or alter its rulings relating to the protracted custody battles that have embroiled Magnas and Perlman for years.  These concerns independently cause me to question the existence of subject matter jurisdiction in this case.

And, even were I to conclude that I did have subject matter over the custody/visitation-related claims, there is still the issue of whether I should abstain from doing so. In *Ankenbrandt*, the Supreme Court also discussed various abstention doctrines that could be applicable to claims

brought in federal court that ought not to go forward, even if subject matter jurisdiction is present, because they would interfere in pending state court domestic relations cases. *Ankenbrandt*, 504 U.S. at 704–06. It is true, of course, that abstention from exercising federal jurisdiction (when it exists) "rarely should be invoked, because federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Id.* at 705 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). Nonetheless, the Court acknowledged that abstention under *Younger v. Harris*, 401 U.S. 37 (1971)[10] might be warranted if the exercise of federal jurisdiction would interfere with a pending state court domestic relations case. *Id.* at 706.

In *Cooper v. Finley*, No. 2:06-cv-00179-HGD, 2006 WL 8437423 (N.D. Ala. May 11, 2006), the district court relied on *Younger* abstention to deny the petitioner's motion for a preliminary injunction which sought to enjoin enforcement of child support orders issued by a state family law court. The court noted that the *Younger* "abstention doctrine means that federal courts generally decline to interfere in ongoing state court litigation regarding child custody and child support." *Id.* at *2; *see also Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) ("Traditionally, the federal courts have been wary of becoming embroiled in family law matters. For that reason, federal courts generally abstain from deciding diversity 'cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.'") (internal citations omitted)).

---

[10]     While *Younger* abstention originally was applied to avoid federal court interference with pending state court criminal proceedings, it has been extended to civil contexts as well. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Harper v. Public Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005) ("*Younger* abstention originated as a doctrine requiring federal courts not to interfere with ongoing state criminal proceedings. The Supreme Court has since made clear, however, that it applies as well 'to noncriminal judicial proceedings when important state interests are involved.'") (internal citations omitted)).

In *Harper v. Public Serv. Comm'n of W. Va.*, 396 F.3d 348 (4th Cir. 2005), the Fourth Circuit extensively discussed the type of state proceedings that implicate important state interests that may warrant a federal court to invoke *Younger* abstention. It summarized its analysis in these words:

> For this reason of comity, we hold fast to the notion that when an interest central to a case implicates the sovereignty and dignity of a state, and when the other requirements set forth in *Middlesex County* are met,[11] federal courts should abstain.  Interests like education, land use law, ***family law***, and a criminal law lie at the heart of state sovereignty, and a failure to abstain in the face of ongoing state proceedings would disrespect the allocation of authority laid in place by the Framers. In other words, that which must be respected through 'comity' is identical to the traditional 'areas of paramount state concern,' and also the same as the 'important state interests' test of *Middlesex County*.

*Harper*, 396 F.3d at 354 (internal citations omitted) (emphasis added).

Here, there clearly is a pending state court family law proceeding. Family law mattes are quintessential examples of the type of issues that implicate the sovereignty and dignity of the state, and which federal courts should respect. And, as Magnas and Perlman's filings amply demonstrate, they are able to raise their claims and defenses to their charges of harassment and counter-harassment relating to the custody and visitation orders issued in the Montgomery County Circuit Court case. Magnas has sought and obtained at least one protective order against Perlman, Compl. ¶ 43.  Likewise, Perlman has sought and obtained contempt and non-disparagement orders against Magnas. Answer 4–5. There is no reason to suppose that the Montgomery County Circuit Court would not afford Magnas a venue to raise her claims that Perlman is using the family law case to

---

[11]     The three essential *Middlesex County* factors are: (1) an ongoing state judicial proceeding; (2) implicating important state interests; and (3) adequate opportunity for the federal court litigants to raise constitutional challenges in the state proceedings.  *Harper*, 396 F.3d at 352; *see also Kimberly-Clark PA, LLC v. Delaware Cty. Reg'l Water Quality Control Auth.*, 527 F. Supp. 2d 430 (E.D. Pa. 2007) (applying *Younger* abstention in federal diversity suit where state administrative proceeding was still pending).

harass her, or for Perlman to raise his claims that Magnas is interfering with his custody and visitation rights, and violating any non-disparagement order that that court may previously have issued. And, both Magnas and Perlman are seeking injunctive orders from this Court that clearly have the potential of interfering with the ability of the Montgomery County Circuit Court to superintend the family law case that is pending before it. Compl. ¶ 96; Answer 6. Therefore, even if I were to conclude that subject matter jurisdiction exists, it is likely that this Court should abstain from exercising it in any manner that would interfere with the pending Montgomery County Circuit Court case.

<u>C. Opportunity for Magnas to Show Cause</u>

Inasmuch as I have addressed the issues of jurisdiction and abstention *sua sponte*, rather than in resolving a motion to dismiss, Magnas has not had an opportunity to address the deficiencies that I have found in her case. Before I make a final ruling of dismissal, she will be afforded the opportunity to show cause why I should not take this action. Accordingly, she will have until March 31, 2021 to make this showing.

**Conclusion**

In sum, I have determined that I have the authority *sua sponte* to review Magnas' complaint to determine whether this court has subject matter jurisdiction. Having done so, I have concluded that each of the claims she has attempted to bring lack a basis in law or fact, rendering them frivolous, and depriving this court of subject matter jurisdiction. Second, I have found that even if Magnas' claims were not frivolous, both Magnas and Perlman seek to have this Court issue orders that directly relate to the custody and visitation case pending in the Montgomery County Circuit Court's Family Department, despite this Court's lacks of jurisdiction over family law matters. Finally, I have found that the claims Magnas and Perlman seek to litigate in this Court implicate

important issues central to the sovereignty and dignity of Maryland, namely the custody and visitation case still pending in Montgomery County Circuit Court's Family Department, which likely requires the Court to abstain from exercising jurisdiction in any manner that would injure these important state interests. For these reasons, unless Magnas shows cause within the time set in this Memorandum and Order, her complaint will be dismissed for want of subject matter jurisdiction. The dismissal will be without prejudice,[12] and because it is based on a lack of jurisdiction, it is not a ruling on the merits, and the dismissal will not have *res judicata* or collateral estoppel effect on her ability to pursue any legitimate claims in Montgomery County Circuit Court. *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182, n. 4 (7th Cir. 1989) ("Because a dismissal for want of subject matter jurisdiction is not a decision on the merits of the complaint, it 'will deprive the judgment of res judicata or collateral estoppel effect so far as any related state-law claims may be concerned.'") (internal citations omitted)).

A separate Order will be issued memorializing this ruling.

DATED this <u>10th</u> day of March, 2021.

BY THE COURT:

_____/s/_____
Paul W. Grimm
United States District Judge

---

[12]      *See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.).